UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JANNA POWELL and MATTHEW TINKER,

                                         Plaintiffs,

        -v-

THE CITY OF NEW YORK, New York City Police
Department Sergeant (Sgt.) PAT ACRI (Shield No. 2283),
Sgt. DEREK KNORR (Shield No. 1921), Detective (Det.)
PAUL RODRIGUEZ (Shield No. 4813), Lieutenant (Lt.)
JOSEPH PALMIOTTO and P.O. JOHN DOEs (the names
John Doe being fictitious, as the true names and shield
numbers are not presently known), in their individual
capacities,

                                    Defendants.

-------------------------------------------------------------------x

**AMENDED COMPLAINT**

**Index No. 14-CV-8138(RMB)(AJP)**

Plaintiffs JANNA POWELL and MATTHEW TINKER, through their attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC as and for their complaint, do hereby state and allege:

<u>PRELIMINARY STATEMENT</u>

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiffs JANNA POWELL's and MATTHEW TINKER' rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis arrested them. By reason of defendants' actions, including their unreasonable and unlawful seizure of Plaintiffs' persons, they were deprived of their constitutional rights.

3. Plaintiffs seek an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiffs' claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff JANNA POWELL ("POWELL") was at all times relevant to this action a resident of Kings County in the State of New York. Plaintiff MATTHEW TINKER ("TINKER") was at all times relevant to this action a resident of Kings County in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Sergeant ("Sgt.") PAT ACRI ("ACRI") (Shield No. 2283), Sgt. DEREK KNORR (Shield No. 1921), Det. PAUL RODRIGUEZ (Shield No. 4813), Lt. JOSEPH PALMIOTTO and P.O. JOHN DOEs are and were at all times relevant herein, officers, employees and agents of the NYPD. These defendants are collective referred to as the "individual defendants."

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The true names and shield numbers of defendants P.O. JOHN DOEs are not currently known to the plaintiff.[1] Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

13. On September 17, 2012, Ms. POWELL and Mr. TINKER were falsely arrested by Sgt. ACRI, Sgt. KNORR, Det. RODRIGUEZ, Lt. PALMIOTTO, and PO JOHN DOEs, at approximately 2:55 p.m., at or about the corner of Trinity Place and Thames Street, in the County and State of New York.

14. Surrounding the time period of the arrest Ms. POWELL and Mr. TINKER were both organizers for "All in the Red," a collective associated with Occupy Wall Street ("OWS") that sought to address student debt though public education and lawful demonstrations.

---

[1]      By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

15. Earlier that afternoon, Ms. POWELL joined Mr. TINKER and another two friends to go to a protest related to Occupy Wall Street occurring in the vicinity of the West Side Highway.

16. Upon arrival at the site of the protest, Ms. POWELL briefly unfurled a banner on the sidewalk, and then put it away.

17. At no time while at the protest did Mr. TINKER or Ms. POWELL block traffic, or cause traffic to be blocked.

18. Ms. POWELL then left the area to meet with family members and walked away from the area of the protest and was accompanied by Mr. TINKER.

19. Sometime later Ms. POWELL and Mr. TINKER walked past 100 Trinity Place, and were approached by Sgt. ACRI, Sgt. KNORR, Det. RODRIGUEZ, Lt. PALMIOTTO, and P.O. JOHN DOES.

20. One of the individual defendants asked "ARE THESE THE THREE?"[2]

21. Ms. POWELL and Mr. TINKER were then handcuffed with plastic zip ties.

22. Plaintiffs were arrested, upon information and belief, in retaliation for their First Amendment protected expression.

23. Sgt. ACRI swore out a criminal court complaint under the penalties of perjury alleging actions the Plaintiffs did not commit.

24. Ms. POWELL and Mr. TINKER spent hours in the defendants' custody as a result of their arrest.

25. As a result of their handcuffing and arrest, Ms. POWELL and Mr. TINKER experienced pain, suffering, mental anguish, and humiliation.

26. Ms. POWELL and Mr. TINKER were charged with Disorderly Conduct, P.L. §240.20 (5), these charges were dismissed on July 17, 2013.

---

[2] There was a third individual with Ms. Powell and Mr. Tinker.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. Defendants, under color of state law, subjected the plaintiffs to the foregoing acts and omissions, thereby depriving plaintiff of their rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of their persons; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against them by police officers; (e) freedom from having police officers fabricate evidence against them; and (f) freedom from retaliatory arrest, under the First and Fourteenth Amendments.

29. Defendants' deprivation of plaintiffs' constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## *MONELL* CLAIM AGAINST DEFENDANT CITY – 42 U.S.C. § 1983
### (Against the City of New York)

30. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. Sgt. ACRI, Sgt. KNORR, Det. RODRIGUEZ, Lt. PALMIOTTO and P.O. JOHN DOEs' acts and omissions described above were carried out pursuant to the CITY's overlapping customs and practices which were in existence on September 17, 2012 and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the CITY and its agency, the NYPD.

32. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions, and in unconstitutional, violent, and overly aggressive actions toward individuals perceived as being affiliated with the Occupy Wall Street movement.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

33. The existence of the aforesaid unconstitutional customs and practices, specifically with regard to the use of excessive force, unlawful detention, interference with protected First Amendment activity, retaliatory use of force, malicious prosecutions, abuse of process and deprivation of liberty without due process of law against individuals apparently associated with Occupy Wall Street while engaged in protected First Amendment activity, are further evidenced, *inter alia*, by the hundreds of incidents - including the incident involving the Plaintiff herein, as set forth above - involving questionable arrests and uses of force by NYPD officers against OWS protestors documented in the press and compiled by The Global Justice Clinic at the New York University School of Law and the Walter Leitner International Human Rights Clinic at the Leitner Center for International Law and Justice at Fordham Law School in their publication entitled "Suppressing Protest: Human Rights Violations in the U.S. Response to Occupy Wall Street," published July 25, 2012, *available online at* http://www.documentcloud.org/documents/403969-suppressing-protest.html (last visited March 13, 2014).

34. Numerous civil rights cases have also been filed in this district arising out of allegations of, *inter alia*, false arrest and excessive force that occurred in relation to OWS.  Some of these cases are:

a) Garcia v Bloomberg, et al., 11 Civ. 6957 (JSR);
b) Carpenter, et al. v. City of New York, et al., 11 Civ. 8414 (GHW);

2012

c) Elliot, et al. v. City of New York, et al., 12 Civ. 992 (RWS);
d) Damian Treffs v. City of New York, et al., 12 Civ. 3030 (HB);
e) Rodriguez et al. v. Winski et al., 12 Civ. 3389 (NRB);
f) Phoebe Berg, et al. v. City of New York, et al., 12 Civ. 3391 (TPG);
g) Occupy Wall Street, et al. v. City of New York, et al., 12 Civ. 4129 (GBD);
h) Global Revolution TV, et al. v. City of New York, et al., 12 Civ. 5086 (GBD);
i) Damien Crisp v. City of New York, et al., 12 Civ. 5842 (RWS);
j) Julie Lawler v. City of New York, et al., 12 Civ. 5843 (RWS);
k) Kelly Hanlin v. City of New York, et al., 12 Civ. 5844 (RWS);
l) Sterling, et al. v. City of New York, et al., 12 Civ. 7086 (RWS);
m) Schomburg v. Bologna, et al., 12 Civ. 7161 (RWS);
n) Dedrick v. City of New York, et al., 12 Civ. 7165 (RWS);
o) Adona v. City of New York, et al., 12 Civ. 7458 (HB);
p) Dierken, et al. v. City of New York, et al., 12 Civ. 7462 (RWS);
q) Jefferson Meighan v. City of New York, et al., 12 Civ. 7929 (AKH);
r) Peat, et al. v. City of New York, et al., 12 Civ. 8230 (SAS);
s) Boss v. City of New York, et al., 12 Civ. 8728 (GBD);

2013

t) Rechtschaffer v. City of New York, et al., 13 Civ. 709 (JPO);
u) Schmidt v. City of New York, et al., 13 Civ. 961 (DLC);
v) Bogart v. City of New York et al., 13 Civ. 1017 (NRB);
w) Time's Up, Inc., et al. v. City of New York, et al., 13 Civ. 1081 (GBD);
x) Schrader v. City of New York, et al., 13 Civ. 1995 (HB);
y) Pluma v. City of New York, et al., 13 Civ. 2017 (TPG);
z) Gabriel Brown v. City of New York, et al., 13 Civ. 2058 (NRB);
aa) Adsluf v. The City of New York, et al., 13 Civ. 2295 (LGS);
bb) Wiles v. City of New York, et al., 13 Civ. 2898 (HB);
cc) Iskender v. City of New York, et al., 13 Civ. 2899 (RA);
dd) Tardif v. New York et al., 13 Civ. 4056 (LTS);
ee) Perloff v. City of New York, et al., 13 Civ. 4175 (KBF);
ff) Ross, et al. v. City of New York, et al., 13 Civ. 5012 (VSB);
gg) Amanda Clarke v. City of New York, et al., 13 Civ. 5303 (RWS);

hh) Rheannone Ball v. City of New York, et al., 13 Civ. 5563 (RWS);
ii)  Shamir v. City of New York et al., 13 Civ. 5652 (CM);
jj)  Laugier v. City of New York, et al., 13 Civ. 6171 (HB);
kk) Stoeckley, et al. v. City of New York, et al., 13 Civ. 6173 (VSB);
ll)  Arce v. City of New York, et al., 13 Civ. 8486 (PKC);
mm)   Fields and McKeown v. City of New York, et al., 13 Civ. 8819 (JGK);
nn) Eric-John Russell v. City of New York, et al., 13 Civ. 9047 (ALC);

2014

oo) Jimenez v. The City Of New York , et al., 14 Civ. 413 (RA);
pp) Moira Meltzer-Cohen v. City of New York, et al., 14 Civ. 516 (SAS);
qq) Friesdat v. The City of New York et al., 14 Civ. 625 (JGK); and
rr)  Alexander Penley v. City of New York, et al., 14 Civ. 1577 (JGK).

35. As a result of the foregoing, plaintiffs were deprived of their liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and were

otherwise damaged and injured.

**JURY DEMAND**

36. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

WHEREFORE, plaintiffs demand judgment against the defendants individually and

jointly and pray for relief as follows:

a.    That they be compensated for violation of their constitutional rights, pain,
      suffering, mental anguish, and humiliation; and

b.    That they be awarded punitive damages against the individual defendants; and

c.    That they be compensated for attorneys' fees and the costs and disbursements
      of this action; and

d.    For such other relief the Court may deem just and proper.

[this portion intentionally left blank]

Dated:      New York, New York
            March 23, 2014

                                    Respectfully submitted,

                            By:    _____
                                    Gillian Cassell-Stiga
                                    David B. Rankin
                                    Rankin & Taylor, PLLC
                                    *Attorneys for the Plaintiffs*
                                    11 Park Place, Suite 914
                                    New York, New York 1007
                                    Ph: 212-226-4507